**EAU CLAIRE BOOK & STATIONERY CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 4893.

Circuit Court of Appeals, Seventh Circuit.
May 25, 1933.

P. M. Beach, of Eau Claire, Wis. (John M. Campbell, of Chicago, Ill., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Hugh Brewster, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The Board of Tax Appeals disallowed a deduction made by petitioner in its 1922 income return and assessed its tax accordingly; hence this appeal. The facts are:

The Gillette Rubber Company was indebted to petitioner on accounts receivable and notes in the amount of $13,378.06. After the affairs of this debtor were turned over to a creditors' committee, petitioner accepted the notes of said committee for the full amount of the debt, and on November 21, 1921, it exchanged such notes for bonds of the company, of the par value of $14,000. These bonds were sold to petitioner's stockholders through a trustee (in January, 1922) for $1,400. Petitioner deducted a $12,600 loss ($14,000 less $1,400) from its gross income for its fiscal year ending January 31, 1922.

The Board refused to allow this deduction, its reason as given being the failure to prove the cost of the bonds.

While satisfied that the Board erred in excluding petitioner's deduction altogether, and for this error a reversal of the order must be entered, we are not able from the record before us to dispose of the matter. Likewise, we are satisfied that it would be in the interest of justice, and fairer to both parties, if the cause were remanded with opportunity given to them to supply, if they wish (Underwood v. Commissioner of Internal Revenue (C. C. A.) 56 F.(2d) 67), further evidence as to the value of the property and the services rendered for the giving of the notes which were canceled when the bonds were delivered. Likewise, the date of the sale of the bonds by the taxpayer to its stockholders might well be established with greater certainty.

The order of the Board of Tax Appeals is reversed, with directions to proceed as indicated in this opinion.